## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID T. MULLINS,
            Appellant,

                                    DOCKET NUMBER
                                    CH-3443-19-0122-I-1

        v.

DEPARTMENT OF JUSTICE,
            Agency.

                                    DATE: May 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David T. Mullins, Corbin, Kentucky, pro se.

James Sellars, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal challenging the agency's decision not to select him for a promotion for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

The appellant applied for a position with his employing agency but was not selected. Initial Appeal File (IAF), Tab 1 at 5. On December 3, 2018, the appellant filed the instant appeal challenging his nonselection and requested a hearing, arguing that he was better qualified for the position than the applicant who was selected and alleging that his nonselection was in reprisal for an ongoing Equal Employment Opportunity complaint he had against the agency. *Id*.

The administrative judge issued an acknowledgement order in which she notified the appellant of his burden of proof to establish Board jurisdiction over his appeal, explained the limited circumstances under which the Board has jurisdiction over nonselection appeals, and ordered the appellant to file evidence and argument as to why the Board had jurisdiction over the matter within 10 days of the date of her order. IAF, Tab 2 at 2-3. The appellant did not file a response to the order, and the agency moved to dismiss the appeal. IAF, Tab 4. Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that the appellant failed to make a nonfrivolous allegation that the Board had jurisdiction over his appeal. IAF, Tab 6, Initial Decision (ID) at 1, 5. The initial decision included instructions noting that it would become final on March 4, 2019, unless a petition for review was filed by that date. ID at 5.

On March 5, 2019, the appellant filed a "Request for Extension of Time to File PFR," which the Board treated as an untimely petition for review. Petition for Review (PFR) File, Tab 1. The following day, the Clerk of the Board issued an acknowledgment letter informing the appellant that his petition for review was untimely and that he must submit a "Motion to Accept Filing as Timely or to Waive Time Limit" either by an affidavit or a statement signed under penalty of perjury. PFR File, Tab 2 at 1-2. A blank sample motion was attached to the acknowledgment letter. *Id*. at 7-8. The acknowledgment letter further stated that the appellant's motion must be submitted on or before March 21, 2019. *Id*. at 2. The acknowledgment letter informed the appellant that he must show good cause

for the Board to waive his untimeliness, and instructed him on how to do so. *Id*. at 2, 7. The appellant has not filed a motion to accept his untimely petition for review or to waive the time limit.

The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). Here, the appellant has not alleged or established that he received the initial decision more than 5 days after its issuance on January 28, 2019. *See* ID at 1. Thus, any petition for review was due no later than March 4, 2019, making his petition for review, filed on March 5, 2019, untimely by 1 day. ID at 5.

The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

We find that the appellant has not made a showing of good cause. Although the brevity of the appellant's 1-day delay and the fact that he is pro se weigh in favor of excusing the delay, in the interest of judicial efficiency and fairness, the appellant must show good cause for the delay in order for the Board to waive the filing deadline, regardless of how minimal the delay. *Katovich v. Department of the Air Force*, 58 M.S.P.R. 444, 446 (1993); *McDonnell v. Office of Personnel Management*, 43 M.S.P.R. 400, 402 (1990); *Stromfeld v. Department of Justice*, 25 M.S.P.R. 240, 241 (1984) (concluding that a petition for review

filed 1 day late was not excused where the appellant offered no reasonable excuse for the delay); *see Little v. U.S. Postal Service*, 124 M.S.P.R. 183, ¶¶ 9-10 (2017) (declining to excuse a 1-day delay in filing an initial appeal when the appellant failed to otherwise establish good cause for the untimeliness); *Cabarloc v. Department of Veterans Affairs*, 112 M.S.P.R. 453, ¶¶ 9-10 (2009) (finding no good cause for the pro se appellant's 10-day delay in filing a petition for review when he failed to respond to the Clerk's notice regarding timeliness). As previously noted, the initial decision expressly apprised the appellant that "[t]his initial decision will become final on **March 4, 2019**, unless a petition for review is filed by that date." ID at 5 (emphasis in original). The appellant has not offered any explanation for his untimeliness, despite being afforded the opportunity to do so.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's nonselection appeal.

### NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.